[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de MOTION TO VACATE ORDER AND APPLICATION FOR COUNSEL FEES (115)
The present motion seeks an order reducing the allowance to defend from $15,000 to the actual attorney's bill incurred by the applicant, $8608.67. The attorney's bill has been paid in full by the plaintiff's parents who advanced the money. The services were rendered from May, 2000 through December, 2000. The defendant had appealed the Sec. 46b-15
restraining order entered as an ex parte order on March 21, 2000 and, after hearings held, was extended six months until September 21, 2000. The defendant appealed the order on April 25, 2000. On motion of the plaintiff', the court awarded an allowance of attorney's fees on October 30, 2000. On December 19, 2000 the Appellate Court granted the plaintiff's motion to dismiss.
The court has taken notice of the commencement of an action by the plaintiff seeking a dissolution of the marriage to the defendant and other relief, returned to August 15, 2000 (FST FA00 0179389) and now pending. The same attorneys represent the plaintiff in the dissolution matter.
The court has concluded that the pending motion should be granted in part, in that the award of $15,000 is vacated. The order seeking $8608.67 is denied for the following reasons. The case of Draper v. Draper,40 Conn. App. 570 (1996) reviews the basis for an award of attorney's fees. It is made to prevent a party being deprived of rights because of lack of funds. That is not the situation in this case. To award an allowance when the services have been rendered and the attorney has been paid in full has all the characteristics of the collection of a loan made by plaintiff's parents but now to be collected for them from the defendant. As a court of equity it seems to serve the ends of justice to allow this debt to be considered by the trial court when it crafts its mosaic of financial orders when entering judgment in the dissolution action.
HARRIGAN, J.T.R.